THE MAYOR, ETC., OF HOBOKEN v. HARRISON, HARP, AND WALKER.

1. The powers of a municipal corporation are derived from its charter. It cannot, without express authority from the charter, create an office, define its duties, appoint an incumbent, and clothe him with the powers of a municipal officer.
2. Where an officer of a municipal corporation gives his official bond with sureties, which bond recites that he has been appointed "collector of assessments for street improvements," with condition that "he should well and truly pay to the treasurer of said city all moneys which he might collect or receive as such collector as aforesaid," &c., the sureties are estopped from denying that such officer was *de facto* a collector of assessments for street improvements, and their liability to pay over what he has collected is co-extensive with his liability.
3. The fact that bonds are not prescribed by law does not necessarily in-

validate them, although given by a public officer as security for the discharge of his duties, if they are not unlawfully exacted of him : if voluntarily given, they are binding upon the parties to them.

4. By the charter of the city of Hoboken, "street improvements" do not include the building of sewers, and an officer may well·be a collector of assessments for "street improvements," and not of sewer assessments. Sureties on such bond ought not to be held upon their admissions beyond its fair limits. Estoppels by deed are to be strictly·construed.

In debt. On demurrer to declaration.

For the plaintiff, *F. B. Ogden.*

For the defendants, *J. H. Lyons* and *I. W. Scudder.*

The facts are set forth in the opinion of the court.

CHIEF JUSTICE. This is an action brought on what, upon its face, purports to be the official bond of Harrison, as collector of assessments for street improvements. The other defendants are sureties. The condition of the bond recites that Harrison had been duly appointed by the plaintiff collector of assessments for street improvements, and stipulates for the faithful performance of all the duties of his said office of collector of assessments, and that he should well and truly pay to the ·treasurer of the city all moneys which he might collect or receive as such collector, at the time and in the manner prescribed by any ordinance, or which should or might be required by any resolution of the said council, approved by the mayor, in the same manner as ordinances are required to be approved by him, and should also do and perform all other matters and things appertaining to his said office of collector of assessments according to law. The bond bears date on the 14th July, 1858.

The plaintiff has assigned several breaches of the condition.

1st. A·breach in the negative of the words of the condition.

2d. That an ordinance of the 30th June, 1858, charges the

Hoboken v. Harrison.

collector of assessments with the duty of collecting all assessments which are confirmed according to law for street improvements or for any sewer in said city; that, on the 16th November, 1859, a certain assessment for a sewer through Newark and Washington streets was confirmed, amounting to $13,-117.41; that it was recorded by the city clerk in an assessment book which was delivered by the city clerk to him; that he collected, as such collector, the whole money upon it, and did not pay over to the city treasurer according to the conditions.

The third breach states similar facts in regard to another assessment of $20,943, collected by him as such collector, and nonpayment.

The fourth breach states the confirmation of an assessment for the improvement of certain streets, amounting to $11,-897.27, and the recording of it, and putting the book into his hands for collection; that he collected the money, as such collector of assessments, and did not pay it over.

To this declaration the defendants have demurred.

The principal ground relied upon by the defendants is, that the ordinance creating the office of collector of assessments is *extra vires*, no such power being conferred by the charter, which did not create the office.

The powers of a municipal corporation are derived from its charter. It cannot, without express authority from the charter, create an office, define its duties, and appoint an incumbent, and clothe him with the powers of a municipal officer.

A collector of assessments for street improvements of the city of Hoboken is not such a subordinate officer as is contemplated in the act concerning corporations. It is manifest, from the whole charter, that it was the legislative intention itself, to create all the offices and designate all the officers to be elected or chosen by the city or the city authorities, and to regulate the mode of appointment. The third section of the act declares, that hereafter, and until otherwise provided by law, there shall be elected in and for the said city a mayor, a treasurer, a clerk of the city, a collector, a col-

lector of arrears of taxes, and overseer of the poor, a superintendent of common schools, a street commissioner, a poundkeeper, a chief engineer of the fire department, and one assistant engineer, all to be elected for one year and by the people, except the chief engineer and assistants of the fire department, who are to be elected by the department.

The powers of the council are defined, not only in regard to their general powers of legislation, but the officers which they may appoint are ascertained, a keeper of the city prison, a weighmaster, an inspector of lumber, firewood, coal, and other fuel.

It would be in gross contravention of a charter, which provides for a treasurer, a collector of taxes, and a collector of arrears of taxes, to be elected by the people for one year, to hold that the common council might appoint, as they did in this case, a collector of assessments to hold for an indefinite period. Their charter being silent on the subject, it was in the power of the common council, by ordinance, to direct the collection of assessments for street improvements to be made by the collector of taxes, or collector of arrears of taxes, in any manner not inconsistent with the charter. Indeed, I am not able to see why these officers were not *ex officio* clothed with power to collect the assessments. The charter does not, in express terms, give even the collector of taxes power to collect them; he has it, however, by fair and necessary implication from the nature of his office.

If the ordinance passed June 30th, 1858, is to be regarded as creating a new office, which without doubt was its design, it was beyond the power of the common council, and for that purpose void. If, however, it can be construed as regulating the proceedings of the collectors of taxes in the collection of assessments for street improvements and sewers, it may possibly be sustained; and if it were necessary to do so, in order to do justice in this case, I should be inclined to adopt that view. For many purposes an assessment is synonymous with tax, particularly so when the tax is, as declared by this char-

ter when assessed upon lands, whether for general or particular purposes, a lien upon the land.

This case may be put upon grounds clear of the many difficulties that lie in the way of that view.

The declaration charges the collection by Harrison of certain sums, as collector of assessments for street improvements, and certain other sums for sewers, and his refusal and neglect to pay over these sums to the city. It shows him in possession of large sums of money paid by the taxpayers into his hands, as a lawful collecting officer of the city; treated as such both by the mayor and common council, the taxpayers, and the sureties upon this bond. The plainest principles of justice require that, in a suit against him by the corporation, he should not be permitted to avoid the payment of the money which he has received under the color of his appointment for the use of the city; *he* would be stopped from setting up the invalidity of his appointment, and would be held to the responsibilities of an officer *de facto*.

By the condition of this bond, it is recited, that whereas the said William R. Harrison had been duly appointed by the mayor and common council of the city of Hoboken as *collector of assessments for street improvements*, that if he should well and truly pay to the treasurer of said city all moneys which he might collect or receive as such collector as aforesaid, &c.

By this condition, the sureties have admitted that his election was by the mayor and common council, and agreed to be sureties for the payment of all moneys which by virtue of the appointment, thus made, he might receive. They are estopped from denying that Harrison was *de facto a collector of assessments* for street improvements. Their liability to pay over what he has collected is co-extensive with his.

In a suit for moneys collected by him as such, neither the officer *de facto* nor his sureties may set up the invalidity of his appointment in bar of the action.

The action is not to enforce upon him the execution of the duties of his office, or to recover damages for his failure to

perform them. In such a case both he and his sureties might answer and say, perhaps successfully, there was no such office, and I was without legal power; but here the suit is founded upon an actual complete execution of the duties of the office he claims to fill: he is *functus officio* as collector of taxes. The money he has is the money of the city, which he has no right to retain, and which his sureties, on the whole case just as it is, have stipulated that he shall pay over to the city treasurer. *Seiple* v. *Borough of Elizabeth*, 3 *Dutcher* 410.

Nor does this view of the case conflict with any settled rule of law.

The bond was not exacted from the defendant in a case where no bond could be taken, as a condition of his enjoying his office, or where the statute prescribed a bond with another condition. It was not a bond for ease and favor, taken by an officer in violation of his duty. The bond was given in good faith by Harrison, supposing he was the lawful incumbent of an existing office to which he had been appointed.

To permit the enforcement of the bond, so far as it stands as a security for the public money in the hands of Harrison, does not violate any rule founded on public policy or legislation.

It would seem to be eminently impolitic to permit the parties to such a bond to escape its obligations by contradicting the recitals of the bond, and thus retain from the public authorities the taxes received by an officer *de facto*.

The fact that bonds are not prescribed by law, does not necessarily invalidate them, although given by a public officer as a security for the discharge of his duties, if they are not unlawfully exacted of him; if voluntarily given, they are binding upon the parties to them. *Woolwich* v. *Forrest*, *Pennington* 115; *United States* v. *Tingey*, 5 *Peters* 129; *Tyler* v. *Hand*, 7 *Howard* 581; *United States* v. *Bradley* 10 *Peters* 361.

These cases directly decide that such bonds are valid. If,

Hoboken v. Harrison.

then, he was a collector of assessments *de facto*, and he and his sureties in this action are estopped from denying it, a bond voluntarily given by him as security for the discharge of his duties may be enforced, so far as his duties have been executed.

The remaining question is, are the sureties liable for the moneys collected by him assessed for sewers, as stated in the third breach assigned.

In the view I have taken of this case, the liability of the sureties rests upon the recital of the condition of the bond, that he was in fact collector of assessments for street improvements. By the charter, street improvements and building sewers are different things; the latter is not included in the former, and Harrison might well be a collector of assessments for street improvements, and not of sewer assessments. The sureties ought not to be held upon this bond upon their admissions beyond its fair limits: estoppels by deed are to be strictly construed.

They have admitted that Harrison was a duly appointed collector of assessments for street improvements, nothing more. They agreed to be liable for all he should receive as such.

The ordinance is not incorporated into the bond by reference, so that the sureties may be held to have admitted that it was a part of his duties to collect sewer assessments.

This breach is not well assigned, and there should be judgment for the defendants upon it. As to the others, the judgment must be for the plaintiff.

CITED in *Paret* v. *Bayonne*, 10 *Vroom* 564; *Ordinary* v. *Cooley*, 1 *Vroom* 181.